# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Andrew H. Parks,

                    Petitioner,      Case No. 21-cv-12182

v.                              Judith E. Levy
                                United States District Judge

Mathew MacCauley,

                                Mag. Judge Curtis Ivy, Jr.

                    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY AND HOLD IN ABEYANCE [2], SUMMARILY DISMISSING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL _IN FORMA PAUPERIS_**

Petitioner Andrew H. Parks, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a _pro se_ application for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) He also filed a motion to stay the petition and hold it in abeyance. (ECF No. 2.) Parks was convicted by a jury in Wayne County Circuit Court of one count of assault with intent to commit murder, in violation of Mich. Comp. Laws § 750.83; one count of intentional discharge of a

firearm from a motor vehicle causing any physical injury, in violation of Mich. Comp. Laws § 750.234a(1)(b); two counts of felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f(2); one count of felon in possession of ammunition, in violation of Mich. Comp. Laws § 750.224f(6); one count of carrying a dangerous weapon with unlawful intent, in violation of Mich. Comp. Laws § 750.226; one count of carrying a concealed weapon, in violation of Mich. Comp. Laws § 750.227; and five counts of possession of a firearm during commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. Parks was sentenced as a third-offense habitual offender under Mich. Comp. Laws § 769.11

> to concurrent prison terms of 30 to 60 years for the assault with intent to commit murder conviction, 15 to 30 years for the discharge of a firearm from a vehicle conviction, and 34 months to 10 years each for the felon-in-possession, carrying a weapon with unlawful intent, and carrying a concealed weapon convictions, which were to be served consecutive to concurrent two-year terms of imprisonment for each felony-firearm conviction.

*People v. Parks*, No. 349420, No. 349426, 2021 WL 650558, at *1 (Mich. Ct. App. Feb. 18, 2021), *appeal denied*, 508 Mich. 896 (2021).

In his habeas petition, Parks asserts claims of ineffective assistance of counsel that he did not present to the state courts. Because the one-year statute of limitations does not pose a concern, Parks' motion for a stay and abeyance of the petition (ECF No. 2) is denied, and his habeas petition (ECF No. 1) is summarily dismissed without prejudice so that Parks may exhaust all of his claims in the state courts before seeking federal habeas relief.

## I.    Background

Parks was convicted and sentenced in Wayne County Circuit Court in May 2019. Parks pursued a direct appeal from his convictions and sentences in the Michigan courts. (*See id*. at PageID.1–3, 15, 37–41.)

Parks filed a direct appeal in the Michigan Court of Appeals through appellate counsel, who raised the following claims: (1) the evidence the police seized from Parks' home should have been suppressed under the Fourth Amendment because the police failed to show Parks the search warrant before they conducted the search; (2) Parks' trial counsel was ineffective for failing to raise this Fourth Amendment claim; and (3) the trial court erred when calculating the sentencing guidelines for Parks' assault with intent to commit murder conviction because the court

assigned an improper score to an offense variable that considers physical injury to a victim. *See Parks*, 2021 WL 650558, at *2–4. In addition, Parks filed a *pro se* brief that raised several claims of ineffective assistance of trial counsel. *See id.* at *6. Parks argued that his trial counsel's errors included:

> (1) failing to provide [Parks] with certain discovery materials until days before trial; (2) failing to call Officer Royer Hernandez to testify in support of [Parks'] motion to suppress evidence; (3) failing to request video from Sergeant Jason Burke's body camera; (4) failing to show that it was [Parks' girlfriend's] cell phone, not [Parks'] cell phone, in the area of the shooting; (5) failing to address the prosecutor's misconduct of presenting perjured testimony by the officers; (6) failing to investigate and present an alibi defense; (7) failing to poll the jury; and (8) failing to address the lack of a signature and date on the verdict form.

*Id.* (footnotes omitted).

On February 18, 2021, the Michigan Court of Appeals affirmed Parks' convictions and sentences in an unpublished opinion. *See id.* at *1. On August 3, 2021, the Michigan Supreme Court denied Parks' application for leave to appeal by standard form order. *See People v. Parks*, 508 Mich. 896 (2021) (denying "the application for leave to appeal the February 18, 2021 judgment of the Court of Appeals . . . because we

4

are not persuaded that the questions presented should be reviewed by this Court"). There is no indication that Parks filed a petition for a writ of certiorari in the United States Supreme Court.

In his habeas petition, Parks asserts claims that he or his attorney raised on direct appeal,[1] and he also asserts new claims of ineffective assistance of trial and appellate counsel. Parks' new claims, which are identified as "Ground Three" and "Ground Four," are as follows:

> GROUND   THREE:   [PARKS']   SIXTH   AMENDMENT
> RIGHTS WERE VIOLATED WHERE HIS TRIAL COUNSEL
> FAILED TO RENDER THE EFFECTIVE ASSISTANCE OF
> COUNSEL

---

[1] Parks asserts in "Ground One" of his habeas petition that his "Fourth Amendment [right] was violated when the raiding officers failed to produce the warrant when they raided the home." (ECF No. 1, PageID.5.) In "Ground Two," Parks asserts that his Sixth Amendment right was violated due to his trial counsel being ineffective

> where he: (1) failed to provide [Parks] with discovery materials prior to trial, (2) failed to call Officer Royer Hernandez to testify in support of [Parks'] motion to suppress, (3) failed to request video from Sgt. Jason Burke's body camera, (4) failed to produce evidence that it was [Parks' girlfriend's] cell phone, not [Parks'], in the vicinity of the shooting, (5) failed to address prosecutor misconduct of presenting perjured testimony of officers; (6) failed to investigate and present alibi defense, (7) failed to poll the jury, (8) and failed to address the lack of a signature on the verdict form, (8) [sic] failed to call and investigate witness[s].

(*Id.* at PageID.7.) Parks indicates in his habeas petition that the issues presented in "Ground One" and "Ground Two" were raised on direct appeal. (*See id.* at PageID.6–7.)

* * *

[Parks'] trial counsel was ineffective where he: (1) failed to move for exclusion of Marreilus Harris' and Jasmine Henderson's identification, (2) failed to call to the evidentiary hearing Natassia Parham, (3) failed to assert a substantial defense and introduce impeachment evidence, (4) failed to raise a "knock-and-announce" violation, (5) failed to offer competent advice during the plea negotiation stage, misadvised [Parks] of his sentencing exposure post-trial, advised [Parks] that the plea was not a bargain, and failed to make comparisons, (6) failed to impeach Montana Sanders concerning the off-the-record conversation with the prosecutor, and where trial counsel failed to disqualify the prosecutor as a witness[.]

* * *

GROUND FOUR: [PARKS'] SIXTH AMENDMENT RIGHT WAS VIOLATED WHERE HIS APPELLATE COUNSEL FAILED TO RENDER THE EFFECTIVE ASSISTANCE OF COUNSEL

* * *

[Parks'] Appellate counsel was ineffective where he failed to raise the claims presented in "Ground Three" of this petition[.]

(ECF No. 1, PageID.8–10.) Parks indicates in his habeas petition that he did not raise the issues in "Ground Three" and "Ground Four" on direct appeal. (*See id.* at PageID.9–10.)

6

In his motion to stay the petition and hold it in abeyance, Parks states that his habeas petition "contains both exhausted and unexhausted grounds for relief" and that he must seek post-conviction relief in state court as to his unexhausted claims. (ECF No. 2, PageID.44.) He asks that his petition be stayed and held in abeyance while he pursues his unexhausted claims in state court. (*See id.* at PageID.44–45.)

## II.  Discussion

After a petition for a writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

A federal habeas petitioner must exhaust the remedies available in the state courts before filing their petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). For proper exhaustion, "each claim must have been 'fairly presented' to the state courts[,]" which

"includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414–15 (internal citations omitted).

If a habeas petition contains both exhausted and unexhausted claims, it is a "mixed petition" and is generally subject to dismissal on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Nevertheless, "a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition." *Emery v. Rewerts*, No. 21-12673, 2022 WL 1036760, at *2 (E.D. Mich. Apr. 6, 2022) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). However,

> [s]tay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations [applicable to federal habeas actions] poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in

8

federal court, the petitioner has not engaged in intentionally
dilatory litigation tactics, and the unexhausted claims are not
"plainly meritless."

*Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, at *2 (E.D. Mich.

May 15, 2017) (quoting *Rhines*, 544 U.S. at 277). The *Emery* court noted

that in *Rhines v. Weber*,

> the United States Supreme Court adopted the stay and
> abeyance procedure specifically to address the situation when
> outright dismissal of a habeas petition could jeopardize the
> timeliness of a future petition following the exhaustion of
> state remedies. [*Rhines*, 544 U.S.] at 275 (noting that if the
> court dismissed the habeas petition "close to the end of the 1-
> year [statute of limitations period applicable to federal habeas
> actions], the petitioner's chances of exhausting his claims in
> state court and refiling his petition in federal court before the
> limitation period [expired would be] slim"). Stay and abeyance
> is thus generally reserved for cases where the one-year
> statute of limitations period imposed by the Antiterrorism
> and Effective Death Penalty Act of 1996 (AEDPA) is likely to
> expire before a habeas petitioner can return to state court to
> exhaust additional claims and then return to federal court on
> an amended petition.

*Emery*, 2022 WL 1036760, at *2 (first alteration added).

Here, Parks acknowledges that he did not exhaust his state court

remedies with respect to his new set of ineffective assistance of counsel

claims that appear in "Ground Three" and "Ground Four" of his habeas

9

petition. (*See* ECF No. 1, PageID.9–10; ECF No. 2, PageID.44.) He asks that the Court stay the petition and hold it in abeyance while he pursues state court relief. (*See* ECF No. 2, PageID.44–45.) Yet dismissal of the petition without prejudice—rather than staying the petition and holding it in abeyance—is appropriate because Parks has time to exhaust his unexhausted claims in the state courts before returning to this Court with an amended petition, if he wishes to do so.

The applicable one-year statute of limitations for Parks to file a habeas petition runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Parks' direct appeal of his convictions ended when the Michigan Supreme Court denied him leave to appeal on August 3, 2021, following the affirmance of his convictions by the Michigan Court of Appeals on direct review. *See Parks*, 508 Mich. at 896; *Johnson v. Rewerts*, No. 2:20-CV-12165, 2022 WL 1094645, at *4 (E.D. Mich. Apr. 12, 2022). Parks' convictions "bec[a]me final, for the purposes of the AEDPA's limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired." *Johnson*, 2022 WL 1094645, at *4 (citing

10

*Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)). Parks' judgment thus "became final on [November 1, 2021], when he failed to file a petition for writ of certiorari with the U.S. Supreme Court." *Id.* (citing *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001)). Therefore, the one-year statute of limitations for Parks to file his habeas petition runs until November 1, 2022.

Moreover, the limitations period will be tolled from the time Parks files for state post-conviction review until the time he completes such review in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see Schroeder v. Renico*, 156 F. Supp. 2d 838, 845 (E.D. Mich. 2001) (stating that "the one-year statute of limitations, or at least so much of it that remains unexpired, is tolled during the pendency of a state post-conviction motion"); *Emery*, 2022 WL 1036760, at *2 (stating that the "one-year period will . . . be tolled while any properly filed state post-conviction or collateral actions are pending" (citing 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002))); *Johnson*, 2022 WL 1094645, at *5 (stating that "[a] post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it 'has achieved final resolution through the state's post-conviction procedures'" (quoting *Carey*, 536 U.S.

11

at 220)). Because Parks has over five months remaining in the one-year limitations period, a stay is unnecessary. *See Gilmore*, 2017 WL 2062222, at *3 ("Given that three months of the one-year period remains, the petitioner has sufficient time to exhaust his additional issues in the state courts and return to federal court should he wish to do so.").

Regarding the other considerations for granting a stay, there is no evidence of intentional delay and Parks' claims do not appear to be plainly meritless, but Parks has not shown good cause for failing to exhaust all his claims in the state courts before seeking federal habeas review. Parks argues in his motion that good cause is shown because he "is a layman of the law and lacked the knowledge to pursue his claims." (ECF No. 2, PageID.34.) However, "[t]he lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies." *Emery*, 2022 WL 1036760, at *3 (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, at *2 n.1 (E.D. Mich. Mar. 9, 2007)). Parks indicates in his petition that he did not exhaust the issues in "Ground Three" because he "was prevented from raising these errors due to ineffective assistance of counsel." (ECF No. 1, PageID.9.) He did not

12

exhaust the issue in "Ground Four" because "ineffective assistance of counsel prevented [him] and [he] seek[s] to raise the claim in a motion for relief from judgment pursuant to MCP 6.500." (*Id.* at PageID.10.) In his motion to stay the petition, Parks states that "ineffective assistance of appellate counsel prevented [him] from raising the unexhausted claims on appeal." (ECF No. 2, PageID.45.) To the extent Parks is arguing that he failed to exhaust the issues in "Ground Three" and "Ground Four" because appellate counsel did not raise these issues on direct appeal, "[t]he fact that appellate counsel did not raise [an] issue[] on direct appeal . . . does not excuse the petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court on habeas review." *Gilmore*, 2017 WL 2062222, at *3. Thus, "a stay is unwarranted and a non-prejudicial dismissal is appropriate." *Id.*

Because Parks has failed to exhaust his state court remedies on all of his federal habeas claims and the statute of limitations does not pose a concern, the Court is not presented with circumstances in which a stay and abeyance procedure would be appropriate. *See Rhines*, 544 U.S. at 275–77. Accordingly, the Court denies Parks' motion for a stay and abeyance of the petition and dismisses the habeas petition without

prejudice. When Parks completes state court review, he may file a new federal habeas petition with the Court being mindful of any applicable deadlines for doing so.

## III. Conclusion

For the reasons set forth above,

IT IS ORDERED that Parks' motion to stay the petition and hold it in abeyance (ECF No. 2) is DENIED, and his petition for a writ of habeas corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability. Before Parks may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*

*v. McDaniel*, 529 U.S. 473, 484–85 (2000). In this case, jurists of reason could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.

IT IS FURTHER ORDERED that permission to appeal *in forma pauperis* is DENIED because an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: May 23, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2022.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager